STATE OF NORTH CAROLINA
v.
BILLY JOE SQUIRES.
No. COA08-50
Court of Appeals of North Carolina
Filed August 19, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Creecy C. Johnson, for the State.
Greene & Wilson, P.A., by Thomas Reston Wilson, for defendant-appellant.
WYNN, Judge.
Defendant Billy Joe Squires appeals his conviction and sentence for assault with a deadly weapon inflicting serious bodily injury. On review of his appeal, we find no error by the trial court.
At trial, the State presented evidence tending to show that on the evening of 6 July 2005, Defendant and Chester Kirk came to the home of William Smith in Washington, North Carolina. Mr. Smith had a pool table in an outbuilding in his backyard, and Defendant and Mr. Kirk asked if they could play pool. After Mr. Smith agreed, they began playing while Mr. Smith worked nearby on his lawnmower. Shortly thereafter, Mr. Kirk left to go home and Mr. Smith began playing pool with Defendant; the two started playing for money following the first few games.
Mr. Smith testified that Defendant began acting aggressively and that, to avoid a confrontation, Mr. Smith told Defendant he wanted to stop playing after each of them had won one game. Mr. Smith stated that Defendant demanded money from him and hit Mr. Smith with his fists and a pool cue when Mr. Smith refused to pay. After being struck with the pool cue, Mr. Smith recalled hitting the wall and falling to the floor, but he did not remember anything else until he was standing at his back door and heard neighbors from across the street asking if "everything was okay." Mr. Smith suffered a broken bone and swelling for three to four days in his left eye, which also remained blackened for approximately three weeks. He later found the pool cue, made of titanium, broken into two pieces.
During his testimony, Defendant confirmed that he had played pool at Mr. Smith's house in July 2005 but claimed that he initially declined Mr. Smith's offer "several times" to play for money before eventually agreeing. Defendant testified that they made a twenty-dollar bet on a single game, which Defendant won. According to Defendant, when he asked for his money, Mr. Smith "reached in his pocket like he was going to pay me the money. He come [sic] around the table. He hit me in the side of my head right here and knocked me off my feet[.]" Defendant stated that he stood up, and he and Mr. Smith "got into a fight." Defendant denied ever picking up a pool cue during the fight or hitting Mr.Smith with one. He testified that the fight ended when he and Mr. Smith left the outbuilding through opposite doors.
After the jury returned a verdict finding Defendant guilty of assault with a deadly weapon inflicting serious bodily injury, the trial court entered judgment and sentenced Defendant in the presumptive range to a term of fifty-nine to eighty months' imprisonment. Defendant appeals, arguing that the trial court erred by (I) failing to instruct the jury on self-defense and to add that defense to the verdict form; and (II) sentencing Defendant as a prior record level VI offender.

I.
First, Defendant argues the trial court erred when, over Defendant's objection, it failed to instruct the jury on self-defense or to add the defense to the verdict form. We disagree.
As we have long held, "[w]here the defendant's or the State's evidence when viewed in the light most favorable to the defendant discloses facts which are legally sufficient to constitute a defense to the charged crime, the trial court must instruct the jury on the defense." State v. Allen, 141 N.C. App. 610, 618, 541 S.E.2d 490, 496 (2000) (citation and quotation omitted), appeal dismissed and disc. review denied, 353 N.C. 382, 547 S.E.2d 816 (2001). Moreover, when a defendant is permitted to use force in self-defense is well established:
The general rules of self-defense allow a defendant to use the amount of force necessary or apparently necessary to save himself from death or great bodily harm. When confronted with an assault that does not threaten the person assaulted with death or great bodily harm, a party claiming self-defense is required to retreat if there is any way of escape open to him, although he is permitted to repel force by force and give blow for blow. There is no duty to retreat when (1) the person assaulted is confronted with an assault that threatens death or great bodily harm or (2) the person assaulted is not confronted with an assault that threatens death or great bodily harm and the assault occurs in the dwelling, place of business, or premises of the person assaulted, provided the person assaulted is free from fault in bringing on the difficulty.
Id. at 618-19, 541 S.E.2d at 497 (internal citations and quotations omitted).
In the instant case, even taking the evidence in the light most favorable to Defendant, no evidence was presented that suggests that Defendant was threatened by Mr. Smith with death or great bodily harm, as Defendant's own testimony was that Mr. Smith hit him once with his fists, and that Defendant then stood back up and got into a fight with Mr. Smith. Additionally, the fight occurred on Mr. Smith's property, not in Defendant's home or place of business. Accordingly, Defendant had a legal duty to retreat. However, Defendant testified that, rather than retreating after Mr. Smith struck him, he got into a fight with Mr. Smith. Defendant offered no evidence that he was prevented from retreating nor that he had no means of escape; to the contrary, there were two doors by which he could have exited the outbuilding.
Given the evidence presented at trial, Defendant was not entitled to an instruction on self-defense, and the trial court did not err by denying Defendant's request for such an instruction. This assignment of error is rejected.

II.
Defendant also argues that the trial court erred in sentencing him as a prior record level VI offender when there was no evidence that he stipulated to such a level, and the State did not otherwise prove that level. We disagree.
A defendant's prior record level may be proven by stipulation of the parties, see N.C. Gen. Stat. § 15A-1340.14(f) (2007), or a defendant may also stipulate through his trial counsel to prior convictions and to his prior record level. State v. Alexander, 359 N.C. 824, 830, 616 S.E.2d 914, 918 (2005).
Here, the record shows that Defendant stipulated to a prior record level of VI, as reflected by the signature of his defense counsel on the worksheet for "Prior Record Level For Felony Sentencing" used by the trial court. Although the transcript does not include any discussion of Defendant's prior record level, the worksheet shows that Defendant had accumulated nineteen points from prior felony and misdemeanor conviction, qualifying as a prior record level VI offender. Both the assistant district attorney and defense counsel signed the stipulation reading, "The prosecutor and defense counsel . . . stipulate to the information set out in Sections I. and IV. of this form, and agree with the defendant's prior record level or prior conviction level as set out in Section II based on the information herein." This stipulation is sufficient to establish Defendant's prior record level pursuant to N.C. Gen. Stat. § 15A-1340.14(f)(1). Accordingly, we find no error in the trial court's sentencing of Defendant as a prior record level VI offender. This assignment of error is rejected.
No error.
Judges ELMORE and GEER concur.
Report per Rule 30(e).